(137 So. 51)

R. B. GREEN, Sr., v. E. M. THRASH, Jr.
No. 30834.

Nov. 3, 1930.

John T. Carpenter, of Shreveport, for appellant.

John G. Gibbs, of Shreveport, for appellee.

Motion to Dismiss Appeal.

LAND, J.

Defendant claims the ownership of two lots of the Cedar Grove addition in the city of Shreveport, by virtue of a tax sale made by the city, of date July 9, 1928.

Plaintiff in the present suit asserts ownership to the property, and has attacked the validity of the tax sale for want of notice of delinquency of the tax and of the intention of the city to sell the property.

From a judgment in favor of plaintiff, defendant has appealed, and plaintiff has moved to dismiss the appeal on the ground that the appellant has acquiesced in and consented to the judgment rendered, and that agreement was entered into in accordance therewith, with reference to the costs.

In the alternative, mover alleges that this court is without jurisdiction of this case.

1. The attorney for mover has failed to file any brief in the case and to allege dehors the record any act of acquiescence on the part of the defendant in the judgment appealed from. Nor does the record upon its face disclose any such act. On the contrary, as shown by the minutes of the lower court, judgment was rendered in favor of plaintiff "for reasons orally assigned," and not by consent, and matters of costs were argued, and, "by agreement," it was ordered "that the costs be equally divided." Tr. pp. 30 and 31.

2. The petition alleges that the property in dispute is worth $1,950, and, in addition to this sum, plaintiff claims actual damages, arising from the alleged null and void tax deed, in the sum of $500 and attorney's fees in the further sum of $250. The petition is sworn to by the attorney of plaintiff, and, on the trial of the case, plaintiff testified that the property herein involved was worth $2,500. Tr. p. 38.

Under the facts as disclosed by the record before us, appellant has not acquiesced in the judgment appealed from, and this court clearly has jurisdiction of this case, as the amount in dispute exceeds $2,000.

It is therefore ordered that the motion to dismiss the appeal be denied and overruled.